WENTWORTH, Senior Judge.
This is an appeal from a circuit court order removing the personal representative for Ollie Mae Anderson, deceased, and appointing another personal representative. We affirm, finding no merit in appellant’s contention that the court erred in revoking the letters of administration granted the decedent’s niece, appellant, and appointing the appellee, a grand niece, as personal representative.
On November 22, 1990, Ollie Mae Anderson died intestate. On November 30, 1990, the appellant, Gwendolyn Houston, decedent’s niece, filed a petition for administration alleging she was the sole heir. On the same day the circuit court, acting in its probate capacity, issued letters of administration and entered an order appointing the appellant personal representative for the administration of the decedent’s estate, based on the appellant’s familial relationship to the decedent, under Section 733.301, Florida Statutes. On December 5, 1990, the appellee, decedent’s grand niece, filed a caveat requesting formal notice before the decedent’s will was admitted to probate or a personal representative was appointed.
On December 21, 1990, the appellee filed a petition for removal of the appellant as personal representative asserting that the appellant had alleged she was the sole heir of the decedent’s estate in the petition for administration, that she failed to notice the other heirs of the application to be appointed personal representative, that she converted estate assets for her own use, and was adversely interfering with the proper administration of the estate and had a conflicting interest in it. On January 22,1991, *802 the day of a hearing on the petition to remove the appellant as personal representative, the appellant filed an amended petition for administration of the decedent’s estate adding the names and relationships of the other beneficiaries.
On January 31, 1991, an order was entered removing the appellant as personal representative without prejudice to apply for reappointment.
On February 22, 1991, the appellee filed an answer to the appellant’s amended petition for administration and a counter-petition seeking appointment as personal representative of the decedent’s estate. Attached were signed waiver and consent forms from three of the beneficiaries, consenting to the appointment of the appellee as personal representative. On February 27, 1991, the circuit court entered an order, after a hearing on the appellant’s amended petition and the appellee’s counter-petition, in which the appellant’s amended petition for reappointment as personal representative was denied and the appellee was appointed personal representative.
Under Section 733.301, Florida Statutes,[1] the appellant was required to give notice of her petition to anyone holding a higher preference, including any person selected by a majority in interest of the other heirs. Since the appellant did not give notice of her original application of appointment, the other heirs did not have an opportunity to select a personal representative. When the other heirs were notified and given an opportunity, a majority corn sented to an appointment of the appellee as personal representative.
Section 733.301(2) establishes the preferences in appointing a personal representative in an intestate estate. The order is:
(a) The surviving spouse.
(b) The person selected by a majority in interest of the heirs.
(c) The heir nearest in degree.
In the present case, the appellant is the heir nearest in degree, but the appellee should be accorded priority as the person selected by a majority in interest of the other heirs to act as the personal representative of the estate. Accordingly, the circuit court did not err in revoking the letters of administration granted the appellant and appointing the appellee personal representative.
The appellant also asserts that the appellee failed to timely file an answer to the appellant’s amended petition for letters of administration, and that the appellee’s counter-petition was also untimely. Rule 5.310, Florida Probate Rules, states:
Any personal representative who was improperly qualified or who becomes disqualified to act after his appointment shall immediately present a petition to the court for appropriate action and shall do any and all other things necessary or proper to procure an order approving his resignation.
The committee notes to the rule state that the rule establishes the “imperative need for timely action” and the fiduciary’s responsibility to “effect orderly succession.” We note also that there is no time specified by Section 733.301(5) for the disqualification of a personal representative. Thus, the appellee was not required to meet a 20-day deadline as asserted by appellant for filing an answer or counter-petition after appellant filed her amended petition.
AFFIRMED.
WIGGINTON and WOLF, JJ„ concur.

. Section 733.301(5) states:
After letters have been granted in either a testate or an intestate estate, if a person who was entitled to, and has not waived, preference over the person appointed at the time of his appointment and on whom formal notice was not served seeks the appointment, the letters granted may be revoked and the person entitled to preference may have letters granted to him after formal notice and hearing.